IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNN R. FITZGERALD, AS A CITIZEN
OF THE UNITED STATES OF AMERICA,
AS A RESIDENT OF THE STATE OF NEW MEXICO,
AND OF SAN JUAN COUNTY,

        Plaintiff(s),

vs.                                                      1:17-cv-00365-MCA-LF

STATE OF NEW MEXICO, NEW MEXICO STATE POLICE,
STATE POLICE OFFICER D. CAPEHARD, INDIVIDUALLY,
AND AS AN AGENT OF THE STATE OF NEW MEXICO, AND
AS AN OFFICER OF THE NEW MEXICO STATE POLICE,
THE DEPARTMENT OF TAXATION AND REVENUE AS THE
AGENT OF THE STATE OF NEW MEXICO, THE REGISTRATION
AND LICENSING BUREAU, STATE POLICE CAPTAIN CHRIS BLAKE
INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY, AND JOHN AND JANE
DOES 1-20 AS TRAINING OFFICERS AND SUPERVISORS OF OFFICER D.
CAPEHART, AND SUSANA MARTINZ AS GOVERNOR, AND AS THE CHIEF
LAW ENFORCEMENT OFFICER OF THE STATE OF NEW MEXICO,

        Defendant(s).

## ORDER GRANTING MOTION TO STAY

THIS MATTER comes before the Court on Defendants Susana Martinez, the State of New Mexico, the New Mexico State Police Department ("NMSP"), State Police Officer Daniel Capehart, the New Mexico Taxation and Revenue Department ("TRD"), and NMSP Captain Chris Blake's (collectively "State Defendants") Motion to Stay Proceedings Pending Resolution of Motion to Dismiss Based Upon Qualified Immunity filed April 7, 2017. Doc. 10. Plaintiff has not filed a response or indicated whether he opposes the motion. *See* Doc. 10 at 1. Having read the motion and noting that no response has been filed, the Court finds that the motion is well taken and will be GRANTED.

"The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). The State Defendants' motion was filed on April 7, 2017. Plaintiff had through April 24, 2017, to file his response. Plaintiff has not filed a response, and the time to do so has now passed. Plaintiff's failure to file a response in opposition to the State Defendants' motion within the time prescribed for doing so constitutes consent to grant the motion.

Furthermore, it is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognizes that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674–75 (2009).

Whether an official is entitled to qualified immunity turns on whether his or her conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified

immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this district is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman, 958 F.2d at 336; see also Herrera v. Santa Fe Pub. Schs., 2012 WL 6846393, at \*1*0 (D.N.M. Dec. 20, 2012) (unpublished).

Here, the State Defendants have moved to dismiss plaintiff's claims based in part on qualified immunity. Doc. 7. Because State Defendants assert this defense in a motion to dismiss—testing the legal sufficiency of plaintiff's complaint—no additional discovery is necessary.

IT IS THEREFORE ORDERED that State Defendants' Motion to Stay Proceedings Pending Resolution of Motion to Dismiss Based Upon Qualified Immunity (Doc. 10) is GRANTED. Discovery is stayed until the Court has ruled on the State Defendants' pending Motion to Dismiss (Doc. 7).

_____
Laura Fashing
United States Magistrate Judge