IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNN R. FITZGERALD,

    Plaintiff,

  v.                                                      No. 17-CV-00365-MCA-LF

STATE OF NEW MEXICO, NEW MEXICO
STATE POLICE, D. CAPEHART, *individually
and as an agent of the State of New Mexico, and
as an officer of the New Mexico State Police*,
DEPARTMENT OF TAXATION AND
REVENUE, *as the agent of the State of New
Mexico, Registration and Licensing Bureau*,
CHRIS BLAKE, *State Police Captain, individually
and in his official capacity*, JOHN AND JANE
DOES, 1-20, *as training officers and supervisors of
Officer D. Capehart*, SUSANA MARTINEZ,
*Governor, and as the Chief Law Enforcement
Officer of the State of New Mexico*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on pro se Plaintiff Lynn R. Fitzgerald's "First Motion To Remand Removed State Case And Brief In Support of Motion" [Doc. 9] and Defendants' Susana Martinez, D. Capehart, Chris Blake, the State of New Mexico, the New Mexico State Police Department, and the New Mexico Taxation and Revenue Department (hereinafter collectively referred to as Defendants) "First Motion To Dismiss Plaintiff's Complaint and Memorandum In Support Thereof" [Doc. 7]. Having reviewed the pleadings of record, the relevant case law, and otherwise being fully advised in the premises, the Court will grant Plaintiff's motion and remand this case to the Eleventh Judicial District of the County of San Juan, State of New Mexico.

## I. BACKGROUND

On February 16, 2017, Plaintiff filed a complaint in the Eleventh Judicial District of the County of San Juan, State of New Mexico, against the following Defendants: (1) the State of New Mexico; (2) the New Mexico State Police; (3) D. Capehart, individually and in his official capacity; (4) the Department of Taxation and Revenue; (5) Chris Blake, individually and in his official capacity; (6) John and Jane Does 1-20, as training officers and supervisors of Defendant Capehart; and (7) Susana Martinez, as Governor and Chief Law Enforcement Officer of the State of New Mexico. [Doc. 1-2] Plaintiff's complaint alleges that on September 14, 2015, Defendant Capehart, an officer employed by Defendant New Mexico State Police Department, seized Plaintiff "without any specific, articulable facts, to create an individualized reasonable suspicion of criminal activity" and arrested Plaintiff without probable cause. [Doc. 1-2 at 2] Specifically, Plaintiff's complaint alleges that Defendant Capehart unlawfully ran Plaintiff's license plate number through a Mobile Data Terminal and learned that Plaintiff was operating a motor vehicle with an expired registration. [Doc. 1-2 at 2-3] Defendant Capehart initiated a traffic stop, during which Plaintiff presented a New Mexico State Identification Card that had the same number as his driver's license. [Doc. 1-2 at 3] Defendant Capehart discovered that Plaintiff's driver's license was expired and had been suspended and, thereafter, arrested Plaintiff for "driving on a suspended license." [Doc. 1-2 at 4]

On the basis of the foregoing alleged facts, Plaintiff's pro se complaint raises the following three claims "under the New Mexico Torts Claim Act 41-1-through 41-4-30 NMSA" [Doc. 1-2 at 1]: (1) that Defendant Capehart "violated Plaintiff's Fourth and Fourteenth Amendment Constitutional rights, as well as Plaintiff's New Mexico Constitutional Rights Article II, Section

2

10, and 18, By Confinement by Asserted Legal Authority to do so, and by unreasonable search and seizure without probable cause to do so" [Doc. 1-2 at 2]; (2) that "Agents of the New Mexico Department of Taxation and Revenue Bureau through the Registration and Licensing Department violated the Plaintiff's Due process rights by suspending the Plaintiff's registration without notice or hearing as required by law"; [Doc. 1-2 at 2] and (3) that "Agents of the New Mexico Department of Taxation and Revenue Bureau through the Registration and Licensing Department violated the Plaintiff's Due Process Rights by issuing the Plaintiff an ID card, with the same number as his expired drivers license without notice that number was suspended and would subject him to arrest." [Doc. 1-2 at 2] Plaintiff's complaint seeks punitive damages and an order that "the State of New Mexico . . . issue the Plaintiff a valid ID Card with the required unique number, as mandated by law." [Doc. 1-2 at 5-6]

On March 23, 2017, Defendants removed Plaintiff's complaint to this Court on the basis of federal-question jurisdiction. [Doc. 1] On March 30, 2017, Defendants moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. 7] Specifically, Defendants contend that Plaintiff's complaint fails to state a claim on which relief may be granted under Rule 12(b)(6) because: (1) Defendants State of New Mexico, New Mexico State Police, and Department of Taxation and Revenue are not "persons" amenable to suit under 42 U.S.C. § 1983; (2) Defendants Capehart, Blake and Martinez cannot be held vicariously liable for the torts of others under § 1983 and cannot be sued in their "official capacity"; and (3) the individual defendants are entitled to qualified immunity under § 1983 because Plaintiff's constitutional rights were not violated and the law was not clearly established. Defendants further contend that Plaintiff's New Mexico Tort Claims Act claims are subject to

dismissal under Rule 12(b)(1) because Plaintiff failed to provide timely written notice of his tort claims as required by N.M. Stat. Ann. § 41-4-16(A), (B). [Doc. 7] Discovery in the present case has been stayed, pending the disposition of Defendants' motion to dismiss on the basis of qualified immunity. [Doc. 14]

In lieu of filing a response to Defendants' motion to dismiss, Plaintiff filed a motion to remand this case to state court. [Doc. 9] Plaintiff contends that this case improperly was removed on the basis of federal-question jurisdiction because he did not plead a federal cause of action in his complaint. [Doc. 9] Plaintiff explains that the "Due Process Rights" referenced in his complaint are the rights conferred by N.M. Stat. Ann. §§ 66-2-111 and 66-5-230 [Doc. 9 at 3] and that in "[n]o place in the Plaintiff's cause of action does he complain of a violation of his Federal rights but instead alleges a anticipated defense to his cause of action." [Doc. 9 at 4] Plaintiff further contends that diversity jurisdiction does not exist because "[a]ll the Defendants are residents of the State of New Mexico." [Doc. 9 at 5] Defendants respond that a federal question plainly appears on the face of Plaintiff's complaint, because it alleges the violation of Plaintiff's constitutional rights under the United States Constitution and seeks punitive damages, which are not available under the New Mexico Tort Claims Act. [Doc. 12]

## II.    DISCUSSION

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Although a pro se plaintiff is not held "to the standard of a trained lawyer," the Court nonetheless must "rely on the

4

plaintiff's statement of his own cause of action." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (internal quotation marks and citation omitted). Thus, the Court "may not rewrite a [complaint] to include claims that were never presented." *Id.* (alteration in original; internal quotation marks and citation omitted).

The Court first will address whether Plaintiff's complaint properly was removed on the basis of federal-question jurisdiction. "Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). "The party invoking federal jurisdiction has the burden to establish that it is proper and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma, Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks and citation omitted). Pursuant to 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that [it] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

An action initially filed in state court may be removed to federal district court if the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, the district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks and citation omitted).

> Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the

> face of plaintiff's well-pleaded complaint. . . . Second, plaintiff's
> cause of action must either be (1) created by federal law, or (2) if it
> is a state-created cause of action, its resolution must necessarily turn
> on a substantial question of federal law.

*Id.* (internal quotation marks and citations omitted).

Although Plaintiff's complaint alleges that Defendants' conduct rose to the level of a constitutional violation under the Fourth and Fourteenth Amendments of the United States Constitution, it does not seek recovery under 42 U.S.C. § 1983 or any other federal statute. [*See* Doc. 1-2] Rather, Plaintiff's complaint explicitly states that "[t]his action is being brought under the New Mexico Torts Claim Act 41-1-through 41-4-30 NMSA," [Doc. 1-2 at 1], and identifies various torts (i.e., "illegal arrest and detention of the Plaintiff" and "the Tort of Confinement by Assert Legal Authority") and violations of New Mexico law (i.e., N.M. Stat. Ann. §§ 66-5-230(A), 66-5-405(A)). [*See* Doc. 1-2 at 2 and 3-4] Thus, "the pith of the complaint . . . is a state-law cause of action." *Firstenberg*, 696 F.2d at 1025.

The New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-12 provides as follows:

> The immunity granted pursuant to Subsection A of Section 41-4-4
> NMSA 1978 does not apply to liability for personal injury, bodily
> injury, wrongful death or property damage resulting from assault,
> battery, false imprisonment, false arrest, malicious prosecution,
> abuse of process, libel, slander, defamation of character, violation of
> property rights *or deprivation of any rights, privileges or immunities
> secured by the constitution and laws of the United States or New
> Mexico when caused by law enforcement officers while acting
> within the scope of their duties*.

N.M. Stat. Ann. § 41-4-12 (emphasis added). The New Mexico Supreme Court has recognized that the New Mexico Tort Claims Act is "the exclusive remedy for 'any tort' for which immunity has been waived," whereas a civil rights action under 42 U.S.C. § 1983 is "[t]he federal remedy for damages arising out of a constitutional violation by a person acting under color of state law." *Wells*

*v. Valencia County*, 644 P.2d 517, 519 (N.M. 1982). "[A]lthough a Section 1983 action can grow out of tortious conduct, the two are distinct concepts compensable under different laws." *Id.* Thus, "the federal remedy under Section 1983 for deprivation of constitutional rights is supplementary to [the] state remedy" provided in the New Mexico Tort Claims Act. *Id.* at 521.

As the "master of the complaint," Plaintiff "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Liberally construing the complaint as a whole, the Court concludes that Plaintiff's complaint only seeks recovery for tortious conduct under the New Mexico Tort Claims Act. *See Firstenberg*, 696 F.3d at 1024 (assuming, without deciding, that the "liberal-construction principles apply with full force to the distinct jurisdictional inquiry" of federal-question jurisdiction). Although Plaintiff's complaint alleges that Defendants' tortious conduct rose to the level of a constitutional violation, "[a] right to recover *under* federal law cannot be deemed to present through the assertion of a state-law cause of action just because that assertion is predicated on the notion that compliance *with that state law* would effectively vindicate the plaintiff's federal rights." *Id.* at 1026 (emphasis in original). Rather, the Court must "look to the way the complaint is drawn to see if it is drawn so as to claim a right to right to recover under the Constitution and laws of the United States." *Id.* (internal quotation marks and citation omitted). Plaintiff's complaint is drawn as a New Mexico Torts Claim Act complaint and the references to violations of the United States Constitution are included as an element of his tort claim under N.M. Stat. Ann. § 41-4-12, which permits recovery when the plaintiff's injuries arose out of the deprivation of a right, privilege or immunity "secured by the constitution and laws of the United States." § 41-4-12; *see Blea v. City of Espanola*, 870 P.2d 755, 760 (N.M. Ct. 1994) (holding that "if the complaint states

a claim under federal law, there is a waiver of immunity under the 'rights privileges, and immunities' portion of Section 41-4-12"); *see also Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in Warthman's case, simply supports an element of a state claim."). Although Plaintiff's "inclusion of language referring to the United States Constitution for pleading purposes" under § 41-4-12 may have been "unnecessary, inartful and even somewhat misleading," it does not transform his state tort claim into a federal constitutional claim under 42 U.S.C. § 1983. *Sanchez v. City of Belen, et al.*, 16-CV-01410-WJ-WPL, Doc. 30 at 5 (D.N.M. March 8, 2017) (holding that references to violations of the United States Constitution in the plaintiff's New Mexico Tort Claims Act complaint under N.M. Stat. Ann. § 41-4-12 did not confer federal-question jurisdiction);

Defendants point out that Plaintiff's complaint seeks an award of punitive damages, which are not available under the New Mexico Tort Claims Act, but which are available under 42 U.S.C. § 1983 in certain circumstances. [Doc. 12 at 6 (citing N.M. Stat. Ann. § 41-4-19(D) and *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001)]. This irregularity is counterbalanced by the fact that Plaintiff's complaint seeks to impose liability on most of the defendants based on the doctrine of *respondeat superior*, which is not cognizable under 42 U.S.C. § 1983, but is cognizable under the New Mexico Tort Claims Act. *Compare Silva v. State*, 745 P.2d 380, 385 (N.M. 1987) (holding that the doctrine of *respondeat superior* is applicable to torts committed in violation of the New Mexico Tort Claims Act), *with Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that, under 42 U.S.C. § 1983, "Government officials may not be held liable for the unconstitutional

conduct of their subordinates under a theory of *respondeat superior*"). Plaintiff is proceeding pro se and, as such, he "does not have the legal experience, or expertise" [Doc. 9 at 3] to recognize the various nuanced distinctions between a civil rights action under 42 U.S.C. § 1983 and a tort action under the New Mexico Tort Claims Act. Regardless of his pro se status, however, Plaintiff is the master of his own complaint, which is styled as a state tort complaint and which seeks recovery only under the New Mexico Tort Claims Act. Therefore, the Court concludes that federal law does not create Plaintiff's cause of action.

The Court recognizes that "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2008). However, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. Federal issues embedded in state-law claims should not be kept out "simply because they appeared in state raiment," but neither should they be treated "as a password opening federal courts to any state action embracing a point of federal law." *Id.* at 314. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

"The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a special and small category of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (internal quotation marks and citation omitted). "[I]f a claim does not present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases, but rather is fact-bound and situation-specific,' then federal question

jurisdiction will generally be inappropriate." *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947-48 (10th Cir. 2014) (quoting *Empire Healthchoice Assurance, Inc.*, 547 U.S. 677, 700-01 (2006)). Additionally, the United States Supreme Court has cautioned against "[a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations," explaining that such a rule "would . . . herald[] a potentially enormous shift of traditionally state cases in federal courts." *Grable*, 545 U.S. at 319.

Plaintiff seeks recovery under the New Mexico Tort Claims Act for the alleged deprivation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, because Defendant Capehart ran his license plate through a Mobile Data Terminal without reasonable articulable suspicion. [Doc. 1-2] The United States Court of Appeals for the Tenth Circuit has held, however, that "because they are in plain view, no privacy interest exists in license plates." *United States v. Walraven*, 892 F.2d 972, 975 (10th Cir. 1989); *see also United States v. Mathews*, 615 F.2d 1279, 1285 (10th Cir. 1980) (holding that the defendant's "military license plate was in plain view on the outside of the car and hence was subject to seizure. . . . moreover, no expectation of privacy was infringed by its seizure." (citation omitted)). Plaintiff did not have a privacy interest in his license plate and, therefore, Defendant Capehart's license-plate check did not implicate Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Furthermore, the constitutionality of the subsequent traffic stop and Plaintiff's arrest under the Fourth Amendment of the United States Constitution is the type of "fact-bound and situation-specific" issue that is "not sufficient to establish federal arising under jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 263 (2013).

With respect to Plaintiff's "Due Process" claims, it is unclear whether Plaintiff's complaint

10

alleges that Defendants' tortious conduct deprived him of his right to due process under the United States Constitution, the New Mexico Constitution, or both. Even if the Court liberally were to construe Plaintiff's state-tort complaint to raise an embedded question of federal constitutional law, Plaintiff's right to relief necessarily depends on the construction and application of New Mexico state law. *See Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 756 (2005) (holding that protected property interests are "not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."). Therefore, the Court concludes that Plaintiff's right to recovery under the New Mexico Tort Claims Act does not raise a substantial question of federal law. *See Pellebon v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, No. CIV-14-82-D, 2014 WL 869300, at *3 (W.D. Okla. March 5, 2014) (holding that "reference to federal due process in support of Plaintiff's claims for breach of contract and declaratory judgment does not implicate a *substantial* question of federal law." (emphasis in original)). Moreover, to the extent that Plaintiff's complaint relies on the New Mexico Constitution as an alternate and independent basis for his due process rights, federal-question jurisdiction is absent under 28 U.S.C. § 1331. *See Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (holding that the plaintiff's complaint "did not invoke 'arising under' jurisdiction, because it put forth alternate state and federal policies to support his state-law wrongful discharge claim.").

    For the foregoing reasons, the Court concludes that that the issues raised in Plaintiff's New Mexico Tort Claims Act complaint are not "important issue[s] of federal law that sensibly belong in a federal court." *Grable*, 545 U.S. at 315. Therefore, the Court lacks federal-question jurisdiction over Plaintiff's well-pleaded complaint, Plaintiff's motion to remand will be granted,

and this case will be remanded to the Eleventh Judicial District of the County of San Juan, State of New Mexico.

    IT IS THEREFORE ORDERED that Plaintiff's First Motion To Remand Removed State Case And Brief In Support of Motion [Doc. 9] is GRANTED; and this case is REMANDED to the to the Eleventh Judicial District of the County of San Juan, State of New Mexico.

                                                              _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE